IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,993

In the Matter of COREY MICHAEL SWISCHER,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed December 10, 2021. One-year suspension.

*Krystal L. Vokins*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Corey Michael Swischer*, respondent, argued the cause pro se.

PER CURIAM:  This is an attorney discipline proceeding against Corey M. Swischer, of Nevada, Missouri. Swischer was admitted to practice law in Kansas on September 26, 2003. His Kansas license currently is administratively suspended. Swischer also is a licensed attorney in Missouri, admitted in 2002.

On January 22, 2021, the Disciplinary Administrator's office filed a formal complaint against Swischer alleging violations of the Kansas Rules of Professional Conduct (KRPC). This complaint stemmed from his failure to report to the Disciplinary Administrator's office an indefinite suspension of his license to practice law imposed by the Missouri Supreme Court on September 17, 2019. The Missouri Supreme Court's decision was based on the Missouri disciplinary hearing panel's finding that Swischer violated Missouri Rules of Professional Conduct. The Respondent violated MRPC 4-1.1 (competence), MRPC 4-1.3 (diligence), MRPC 4-1.4(a) (communication), MRPC 4-3.2 (expediting litigation), and MRPC 4-3.3 (candor towards the tribunal). These violations

1

were connected to a partition cause of action that occurred in 2015. Respondent's license to practice law previously had been indefinitely suspended in 2012 for prior violations of the Missouri Rules of Professional Conduct. The Missouri Supreme Court, however, stayed the indefinite suspension and placed Swischer on two years of probation, which he completed in 2014. The rules violated in relation to the 2012 discipline were MRPC 4-1.3, MRPC 4-1.4(a)(1), MRPC 4-1.5(c), MRPC 4-1.15(i), MRPC 4-3.2, MRPC 4-5.3(b), MRPC 4-8.1(c), and MRPC 4-8.4(d).

In this case, Swischer did not file a timely answer to the formal complaint or participate in the investigation part of the process. On April 16, 2021, however, the parties entered into a summary submission agreement under Supreme Court Rule 223 (2021 Kan. S. Ct. R. 273) (summary submission is "[a]n agreement between the disciplinary administrator and the respondent," which includes "a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken"). In conjunction with the summary submission agreement, Swischer filed an answer to the formal complaint.

In the summary submission agreement, the Disciplinary Administrator and Swischer stipulate and agree that Swischer violated the following Kansas Rules of Professional Conduct and Supreme Court Rules:

- KRPC 1.1 (2021 Kan. S. Ct. R. 321) (competence);
- KRPC 1.3 (2021 Kan. S. Ct. R. 325) (diligence);
- KRPC 1.4(a) (2021 Kan. S. Ct. R. 326) (communication);
- KRPC 3.2 (2021 Kan. S. Ct. R. 384) (expediting litigation);
- KRPC 3.3 (2021 Kan. S. Ct. R. 385) (candor toward the tribunal);
- KRPC 8.1(b) (2021 Kan. S. Ct. R. 424) (bar admission and disciplinary matters);
- KRPC 8.3(a) (2021 Kan. S. Ct. R. 426) (reporting professional misconduct);

- KRPC 8.4(a), (d), and (g) (2021 Kan. S. Ct. R. 427) (misconduct);

- Kansas Supreme Court Rule 207 (prior to January 1, 2021) and 210 (after January 1, 2021) (2021 Kan. S. Ct. R. 259) (duty to assist, duty to respond, duty to report); and

- Kansas Supreme Court Rule 221(b) (after January 1, 2021) (2021 Kan. S. Ct. R. 271) (discipline imposed in another jurisdiction—duty to report).

Before us, the parties jointly recommend that Swischer's license to practice law be suspended for one year. The parties also recommend that Swischer be required to undergo a reinstatement hearing pursuant to Supreme Court Rule 232 (2021 Kan. S. Ct. R. 287) before his license to practice law can be reinstated.

FACTUAL AND PROCEDURAL BACKGROUND

We quote the relevant portions of the parties' summary submission below.

"1.      *Findings of Fact*. Petitioner and Respondent stipulate and agree that Respondent engaged in the misconduct alleged in the Formal Complaint filed on January 22, 2021, as follows:

. . . .

      i.      On July 26, 2014, Respondent was hired by [G.L.] to represent [G.L.] in two Missouri matters:  (1) a partition action brought against [G.L.] by his siblings, and (2) probate of [G.L.]'s mother's estate.

      ii.      In the probate matter, on September 30, 2014, [G.L.] was appointed as personal representative of his mother's estate. The required Annual Settlement of the estate was not filed with the

3

probate court until May 13, 2016. Objections were filed by the siblings and the matter was set for hearing on July 7, 2016.

iii.  [G.L.] and Respondent appeared for the hearing on July 7, 2016, and the parties announced that a settlement of the objections was reached. The probate court ordered that a stipulation be filed. The siblings' attorney emailed the stipulations to Respondent on June 8, 2016, but Respondent never forwarded them to [G.L.] for review and approval.

iv.  On July 21, 2016, the probate court created a docket entry that stated no stipulations had been filed with the clerk of the court as of that date, ordered that the siblings' objections and motion to remove [G.L.] as personal representative were sustained, that [G.L.] be immediately removed as the personal representative, that [G.L.] reimburse the estate $719.58 taken by him as expenses, and that [G.L.] and Respondent may not receive any fees from the estate for acting as personal representative and attorney for personal representative. The probate court specifically noted regarding Respondent:

> 'Despite attorney Swischer's many representations to the Court of his and his client's intentions and ability to immediately file required documents and take other actions, they have consistently failed to do so. The Court deems these failures to be an affront to the Court's patience and acquiescence in believing those representations.'

Respondent did not notify [G.L.] of the July 21, 2016 order or that the siblings' attorney filed the unsigned Stipulations with the court that same day.

4

v.      The siblings' attorney filed a Motion for Contempt on October 27, 2016, and a show cause hearing was scheduled for November 29, 2016. Respondent did not notify [G.L.] of the motion or show cause hearing.

vi.     On November 29, 2016, Respondent appeared and paid the $719.58 reimbursement ordered to be paid by [G.L.] without informing [G.L.].

vii.    On December 14, 2016, a hearing was held on the Motion for Contempt. The Court found, in part:

> '[Court] expresses frustration at delays, excuses and what is considered intentional misrepresentations by counsel Swischer. [Court] enters judgment in amount of $500.00 against [attorney] Swischer as sanctions; payable to [attorney for siblings], for what would have never been necessary [court] appearances, inconvenience and expense of this motion for contempt.'

Further, the court found that while the $719.58 reimbursement to the estate was made, it was not made by [G.L.] himself as ordered. The court found [G.L.] in contempt of court and ordered that punishment and further sanctions would be ordered against [G.L.] upon his next appearance in court.

viii.   Respondent testified that he believed he had notified [G.L.] of the Motion for Contempt via telephone, but admitted that the [ ] did not provide copies of documents, letters, or phone logs to support his claims when requested by the Missouri Office of Chief Disciplinary Counsel. He also admitted to failing to file a Motion to Reimburse the Personal Representative for expenses, or a Motion to Set Aside the Contempt Judgment.

5

ix.     Respondent did not notify [G.L.] of the December 14, 2016 hearing or court judgment, including the court finding [G.L.] in contempt.

x.      The Missouri Disciplinary Panel found that Respondent violated Rules 4-1.1 (competence), 4-1.3 (diligence), 4-1.4(a) (communication), 4-3.2 (expediting litigation), and 4-3.3 (candor toward the tribunal) in connection with the probate matter.

xi.     In the partition action, Respondent requested an April 28, 2015 hearing on distribution of sale proceeds be rescheduled for June 29, 2015. [G.L.] did not appear at this hearing, and judgment was entered against [G.L.] for attorney fees and expenses in the amount of $6,639.50. [G.L.] testified he was not notified of the June 29, 2015 hearing. Had he known about it, he would have attended.

xii.    On August 10, 2015, Respondent filed an appeal on [G.L.]'s behalf. The Legal File was prepared and emailed to Respondent on August 13, 2015. Although [G.L.] wanted to proceed with the appeal, Respondent took no further action on the appeal and it was dismissed on December 18, 2015. [G.L.] lost his ability to appeal the partition action as a result. Respondent accepted responsibility and acknowledged his fault in failing to prosecute the appeal.

xiii.   The Missouri Disciplinary Panel found that Respondent violated Rules 4-1.1 (competence), 4-1.3 (diligence), 4-1.4(a) (communication), and 4-3.2 (expediting litigation) in connection with the partition action.

6

"g.     The Kansas Rules of Professional Conduct (KRPC) counterparts to the Missouri Rules of Professional Conduct found violated by Respondent are:

    i.      KRPC 1.1 (competence), which is identical to Missouri Rule 4-1.1;

    ii.     KRPC 1.3 (diligence), which is identical to Missouri Rule 4-1.3;

    iii.    KRPC 1.4(a) (communication), which is equivalent to Missouri Rule 4-1.4(a)(1) and (2);

    iv.     KRPC 3.2 (expediting litigation), which is identical to Missouri Rule 4-3.2; and

    v.      KRPC 3.3 (candor toward the tribunal), which is identical to Missouri Rule 4-3.3.

"h.     Kansas Supreme Court Rule ('Kan. Sup. Ct. R.') 221(c) (effective January 1, 2021, formerly Kan. Sup. Ct. R. 202) provides in material part:

        'When the licensing authority of another jurisdiction disciplines an attorney for a violation of the rules governing the legal profession in that jurisdiction, for the purpose of a disciplinary board proceeding under these rules, the following provisions apply:

                                    * * *

        (2) If the determination of the violation was based on less than clear and convincing evidence, the determination is prima facie evidence of the commission of the conduct that formed the basis of the violation and raises a rebuttable presumption of the

7

validity of the finding of misconduct. The respondent has the burden to disprove the finding in a disciplinary proceeding.'

"i. Previously, on May 29, 2012, Missouri Supreme Court case number SC92336, Respondent's Missouri license was suspended indefinitely for violating Missouri Rules of Professional Conduct 4-1.3, 4-1.4(a)(1), 4-1.5(c), 4-1.15(i), 4-3.2, 4-5.3(b), 4-8.1(c), and 4-8.4(d), with the suspension being stayed while Respondent was placed on probation for two years. Respondent successfully completed this probation in 2014.

"j. Respondent did not report this 2012 Missouri discipline to the Disciplinary Administrator's Office.

"k. Respondent did not file a timely Answer to the Formal Complaint in this matter.

"l. Respondent failed to participate or cooperate initially with the investigation in this disciplinary matter despite requests by the Disciplinary Administrator's Office for information. However, Respondent now enters into this Summary Submission Agreement in order to promote efficiency in this disciplinary proceeding.

"2. *Conclusions of Law*. Petitioner and Respondent stipulate and agree that Respondent violated the following Supreme Court Rules and Kansas Rules of Professional Conduct:

a. KPRC 1.1 (Competence);

b. KRPC 1.3 (Diligence);

c. KRPC 1.4(a) (Communication);

d. KRPC 3.2 (Expediting Litigation);

8

e. KRPC 3.3 (Candor Toward the Tribunal);

f. KRPC 8.1(b) (Bar Admission and Disciplinary Matters);

g. KRPC 8.3(a) (Reporting Professional Misconduct);

h. KRPC 8.4(a), (d), and (g) (Misconduct);

i. Kansas Supreme Court Rule 207 (prior to January 1, 2021) and Rule 210 (after January 1, 2021) (Duty to Assist, Duty to Respond; Duty to Report); and

j. Kansas Supreme Court Rule 221(b) (after January 1, 2021) (Discipline Imposed in Another Jurisdiction—Duty to Report).

. . . .

"4. *Recommendation for Discipline*. Petitioner and Respondent jointly recommend that the respondent's license to practice law be suspended for one year. The Petitioner and Respondent further recommend that Respondent be required to undergo a reinstatement hearing pursuant to Kansas Supreme Court Rule 232 prior to reinstatement of his license to practice law.

"5. *Additional Statements and Stipulations*.

"a. Petitioner and Respondent hereby waive hearing on the Formal Complaint.

"b. Petitioner and Respondent agree that no exceptions to the findings of fact and conclusions of law will be taken.

"c. Respondent understands and agrees that pursuant to Supreme Court Rule 223(f), this Summary Submission Agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendation.

"d.      Respondent also understands and agrees that after entering into this Summary Submission Agreement he will be required to appear before the Kansas Supreme Court for oral argument under Supreme Court Rule 228(i).

"e.      Petitioner and Respondent agree that the exchange and execution of copies of this Agreement by electronic transmission shall constitute effective execution and delivery of this Agreement and that copies may be used in lieu of the original and the signatures shall be deemed to be original signatures."

## DISCUSSION

In a disciplinary proceeding, this court generally considers the evidence, the disciplinary panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 226(a)(1)(A) (2021 Kan. S. Ct. R. 276) (a misconduct finding must be established by clear and convincing evidence). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

The Disciplinary Administrator provided Swischer with adequate notice of the formal complaint, but he failed to file a timely answer. The Disciplinary Administrator also provided adequate notice of the hearing before the panel, but he waived that hearing after entering into the summary submission agreement. That agreement included the parties' understanding that Swischer would file no exception to the findings of facts and conclusions of law.

10

The chair of the Kansas Board for Discipline of Attorneys approved the summary submission and canceled a hearing under Rule 223(e)(2). As such, the factual findings contained in the summary submission are deemed admitted. See Supreme Court Rule 228(g)(1) (2021 Kan. S. Ct. R. 282) ("If the respondent files a statement . . . that the respondent will not file an exception . . . , the findings of fact and conclusions of law in the final hearing report will be deemed admitted by the respondent.").

The summary submission and the parties' stipulations before us establish by clear and convincing evidence the charged conduct violated KRPC 1.1, 1.3, 1.4(a), 3.2, 3.3, 8.1(b), 8.3(a), 8.4(a), (d), and (g), and Rules 210 and 221(b). We adopt the findings and conclusions set forth by the parties in the summary submission.

The remaining issue is deciding the appropriate discipline. The parties jointly recommend that Swischer's license to practice law be suspended for one year and that Swischer be required to undergo a reinstatement hearing pursuant to Supreme Court Rule 232 before his license to practice law can be reinstated. But an agreement to proceed by summary submission is advisory only and does not prevent us from imposing discipline greater or lesser than the parties' recommendation. Rule 223(f).

After full consideration, we hold Swischer should be suspended for a period of one year and that he be required to undergo a reinstatement hearing before his law license can be reinstated. As a condition of reinstatement, we further hold Swischer must show his Missouri law license already has been reinstated.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Corey M. Swischer is disciplined by a one-year suspension in accordance with Supreme Court Rule 225(a)(3) (2021 Kan. S. Ct. R. 275).

11

We further order Swischer be required to undergo a reinstatement hearing before his law license can be reinstated and, as a condition of reinstatement, that he show his Missouri law license already has been reinstated.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Swischer and that this opinion be published in the official Kansas Reports.